STATE of Missouri ex rel. Donna GOODE-NOUGH, Trustee, and Mortgage Syndicate, Inc., a Missouri corporation, Relators,

v.

The Honorable William M. TURPIN and The Honorable Donald E. Dalton, Judges of the Circuit Court of St. Charles County, Missouri, Divisions No. 1 and 2, Respondents.

No. 34744.

Missouri Court of Appeals, St. Louis District.

Nov. 21, 1972.

Barksdale, Abbott, Adams, Chorlins & Young, Clayton, for relators.

George E. Sullivan, O'Fallon, for respondents.

ORIGINAL PROCEEDING IN PROHIBITION

CLEMENS, Judge.

Original proceeding to prohibit respondent circuit court judges from maintaining an action to redeem land sold under a deed of trust.

The issue: Does a circuit court have jurisdiction to grant a borrower's application and approve a bond to redeem property sold at a foreclosure sale when the borrower has failed to comply with the statutory requirement of giving "at least

one day's notice in writing" of intention to apply to the circuit court for approval of a redemption bond? We say no.

Miss Joan Stephens and Mutual Acceptance Company, the borrowers, had defaulted on a loan in favor of Relator Mortgage Syndicate, secured by the borrowers' deed of trust to Relator Donna Goodenough, trustee.

Upon default the trustee sold the encumbered land at public sale to Mortgage Syndicate, the lender, on February 11, 1972. The borrowers filed their petition March 2, 1972 to redeem the land and for approval of a redemption bond. The record is devoid of any indication they gave written notice of this to either Mortgage Syndicate or Miss Goodenough, the trustee. That same date respondent Judge Turpin, acting ex parte, granted the borrowers' petition to redeem and approved their redemption bond.

By May 4, 1972 the lender and trustee had learned of the court's action and filed a motion to strike the redemption proceedings on the ground the borrowers had failed to give them one day's written notice. At a hearing on this motion respondent Judge Dalton denied the motion to dismiss. On June 29, 1972 we issued our preliminary writ of prohibition.

■ The respondents' return tacitly concedes the borrowers did not give written notice of their intention to apply for redemption and approval of a redemption bond. Instead they plead the borrowers substantially complied with the statutory requirement by oral conversations with the lenders. This contention is baseless. Where notice is required to be given in legal proceedings it must be in writing.

Miller v. Prough, 203 Mo.App. 413, 221 S.W. 161 [5–8]; State ex rel. Davidson v. Caldwell, 310 Mo. 397, 276 S.W. 631 [14–16].

Redemption in such a case as this is governed by 443.410, .420 and .430, RSMo 1969, V.A.M.S. The latter section says in part, with our emphasis added: "A motion or application for the approval shall be filed with the bond . . . and *at least one day's notice in writing* thereof and of the time when the same will be filed and presented *shall be given* to the purchaser. . . . "

The prohibition case of State ex rel. Hopkins v. Stemmons, Mo.App., 302 S.W. 2d 51 [5–6], is on all fours with this case. There the respondent judge, acting ex parte and in the absence of the statutory one day's written notice, granted a petition to redeem and approved a redemption bond. The purchaser moved unsuccessfully to set aside the court's ex parte order and a preliminary writ of prohibition issued. The court held there, as we do here, that the quoted language of § 443.430 is explicit and mandatory and compliance therewith "is essential to confer jurisdiction on the circuit court to act in a statutory redemption proceeding." To the same effect, see White v. Huffman, Mo.App., 304 S.W.2d 909 [3, 4], and State ex rel. Gravois Home Savings and Loan Association v. Moss, Mo. App., 458 S.W.2d 593.

Our preliminary writ is made permanent and respondents are prohibited from taking further action in the redemption proceeding except to dismiss it.

DOWD, C. J., and SMITH, SIMEONE, WEIER and KELLY, JJ., concur.