**BANK OF ST. HELENS, Respondent,**

v.

**CLAYTON BANK, Appellant.**

No. 34796.

Missouri Court of Appeals,
St. Louis District,
Division Two.

Oct. 30, 1973.

Motion for Rehearing Denied Dec. 7, 1973.

**450**

Evans & Dixon, Ralph C. Kleinschmidt, St. Louis, for respondent.

Carter, Bull, Baer, Presberg & Lee, Richard O. Funsch, St. Louis, for appellant.

CLEMENS, Judge.

Defendant bank appeals from a summary judgment in favor of plaintiff bank wherein defendant was held liable as guarantor of an endorsement determined by a Kentucky court to be forged. Before the Kentucky action in which plaintiff was held liable, plaintiff wrote to defendant bank requesting it to defend the action. The issues here are two-fold: whether plaintiff's notice to defendant was sufficient to make the Kentucky judgment binding upon it and whether plaintiff is the real party in interest. We find the notice was sufficient and that plaintiff is the real party in interest.

Plaintiff's letter to defendant (with our emphasis added): "We are defending the Bank of St. Helens in this action, and inasmuch as each of these checks was cleared and cashed through your bank, *we are placing you on notice of this situation and are requesting that you immediately assume and take over the defense* of the Jefferson Circuit Court Action No. 105,584 *and indemnify and hold the Bank of St. Helens fully harmless* against any and all loss of liability incurred or sustained by reason of said checks, including expenses and counsel fees. Please advise within 10 days from the date of this letter what your intentions are with respect to assuming the defense, so that we will know how to proceed."

Defendant contends this letter did not constitute proper notice under Section 400.-3-803, V.A.M.S.

■ A comparison of the statute and the letter shows the letter does not strictly comply with the statute since it does not specifically state defendant would be bound by any determination of fact if it failed to defend. The omission of such language does not, however, render the notice ineffective. When the notice does not conform to the statutory requirement, it will be tested by the general principles of law. This is warranted under the Comment to the cited Section stating it is intended to supplement, not replace, existing procedures for interpleader and joinder of parties. The general principle applicable here is that when one is bound to protect another from liability he is bound by the result of the litigation to which such other is a party, provided he had notice of the litigation and an opportunity to control the proceedings. Wells v. Hartford Accident & Indemnity Co., 459 S.W.2d 253 (Mo.1970). The notice given was sufficient under this principle. It clearly requested defendant to take control of the proceedings.

■ A related issue is whether summary judgment was proper. A summary judgment is a drastic remedy and great care should be exercised in utilizing the procedure. We view the record in the light most favorable to the party against whom the judgment was rendered. Dorsch Electric Co. v. Plaza Construction Co., Inc., 413 S.W.2d 167 (Mo.1967). A summary judgment may be rendered only where the pleadings, depositions and admissions on

file show, as here, that there is no genuine issue of material fact and that movant is entitled to judgment as a matter of law.

The remaining issue is whether plaintiff was the real party in interest. Defendant contends that since plaintiff has been reimbursed for its loss by an insurance company and since the insurance company paid attorney's fees directly, the company is the real party in interest. Defendant does not contend plaintiff assigned its claim to the insurance company however and we therefore rule this point against defendant. Jacobs v. Fodde, 458 S.W.2d 588 (Mo.App.1970). See also Hayes v. Jenkins, 337 S.W.2d 259 (Mo.App.1969) and State ex rel. Home Service Oil Co. v. Hess, 485 S.W.2d 616 (Mo.App.1972).

Judgment is affirmed.

SMITH, P. J., and McMILLIAN, J., concur.