Imogene LaPLANT et al., Plaintiffs-Respondents,

v.

J. W. LaPLANT et al., Defendants-Respondents,

Helen LaPlant Monan et al., Defendants-Appellants,

A. C. Riley, Intervenor.

No. 9470.

Missouri Court of Appeals, Springfield District.

Jan. 21, 1974.

Bock & Jones, New Madrid, for defendants-appellants.

George K. Reeves, Byron D. Luber, Ward & Reeves, Caruthersville, for plaintiffs-respondents.

HOGAN, Chief Judge.

Plaintiffs filed a conventional petition to partition real property. Answering separately, the appellants alleged: 1) that the interests of the other parties, both plaintiff and defendant, were subject to an equitable lien in their favor in the amount of $16,245 because the appellants had permanently improved the common property, and 2) that the appellants and their predecessor in title, Welton LaPlant, had expended the sum of $16,245 "for permanent improvements to the real estate involved in this suit, [the said sum having been] expended for clearing and placing in cultivation a portion of the lands, ditching and draining the farm, and land leveling" thereby enhancing the common property and entitling the appellants to an accounting, for which they prayed. Plaintiffs filed a responsive pleading denying the new matter set up in the appellants' answer, and a motion, denominated a "Motion to Strike the Counterclaim" praying that appellants' claim for improvements be stricken "due to the fact that Welton LaPlant at the time said improvements were made, owned purely a life estate and was not a tenant in common with the other [parties]". The motion to strike was sustained. Thereafter, the appellants filed a motion to disqualify the regular judge, the motion was granted and a special judge was assigned to try the case, all as provided by former Rule 53.01, V.A.M.R. The special judge took the position that the regular judge's ruling upon the appellants' claim for improvements—the "counterclaim", as the parties refer to it—was binding upon him, but otherwise the interests of the parties were determined, a sale was ordered and had, and the cause proceeded to final judgment. The parties have briefed the cause as if it were before us upon the merits, but the arguments they have developed are based in considerable part upon evidence which was never presented to the trial court. Even though this is a court-tried case, we may not con-

sider evidence never tendered in the trial court. City of Joplin v. Village of Shoal Creek Drive, 434 S.W.2d 25, 28–29 [4–7] (Mo.App.1968). The sole, obvious and dispositive question presented on this appeal is whether or not the appellants' claim for improvements was properly stricken from their answer, and for this reason, the respondents' motion to dismiss the appeal is denied even though the appellants' brief does not comply with Rule 84.04, V.A.M.R. Milanko v. Austin, 362 Mo. 357, 362, 241 S.W.2d 881, 882 [2] (1951).

In deciding the meritorious question presented, it is unnecessary for us to lengthen this opinion by attempting to state precisely the nature of the appellants' claim or the respondents' "motion to strike" as pleadings. Appellants' claim for improvements is obviously not a "counterclaim" in the usual sense; a "counterclaim" is a counterdemand existing in favor of a defendant and against a plaintiff, State ex rel. Saupe v. Swink, 475 S.W.2d 466, 467–468 [2] (Mo.App.1971), and appellants' claim was asserted against all the other parties to the action, both plaintiff and defendant. Respondents' "motion to strike" was obviously intended as a "speaking motion" of the sort discussed in Fine v. Waldman Mercantile Company, 412 S.W.2d 549, 551 [1] (Mo.App.1967), although we have the tentative opinion that the matters the respondents sought to raise should have been raised by a motion for summary judgment under Rule 74.04(b), V.A.M.R. Whatever the proper characterization of the appellants' claim for improvements and respondents' motion to strike may be, the issues are clear. It is an elementary rule of law that a life tenant cannot charge the corpus of an estate with improvements, Burnett v. Quell, 202 S.W.2d 97, 99 [3] (Mo.App.1947), it was admitted or not denied that Welton LaPlant, appellants' predecessor in title, occupied the land partitioned as a life tenant, and it is obvious that the trial court struck the appellants' claim for improvements on the ground that no allowance for improve-

ments could be made if those improvements were made by a life tenant.

The rule that in partition, a life tenant, or one claiming under him, is entitled to no allowance against a remainderman on account of improvements placed on the property during the continuance of the life estate is not as inflexible as the respondents contend. We have no doubt of the soundness of the ruling in the *Quell* case, but the very authorities cited there show that exceptions are admitted. See, e. g., Schowe v. Kallmeyer, 323 Mo. 899, 910–911, 20 S.W.2d 26, 30 [11] (1929); Missouri Central Building & Loan Ass'n v. Eveler, 237 Mo. 679, 685, 141 S.W. 877, 879 [5] (1911), and generally Annots. 98 A.L.R. 859 (1935); 13 L.R.A.,N.S., 514 (1908); Restatement of Property § 127, comments b and c (1936), and substitute comment a (Supp.1948). It would be imprudent and we decline to speculate whether or not the appellants may bring themselves within the scope of the exceptions to the general rule, but it cannot confidently be said that they are to be denied all recovery merely because the improvements were made during the tenure of a life tenant, or by the life tenant from whom they take title. Their proof should be heard, and the merits of the cause should be resolved in light of the facts developed.

For the reasons indicated, the orders entered in this cause on April 6, 1971, are affirmed insofar as they approve the sheriff's report of sale, confirm the issuance of the sheriff's deed, and order payment of costs and charges to the clerk of the circuit court and the sheriff. The allowance of attorney's fees is affirmed. That part of the order directing execution of a deed in partition to Clifford LaPlant and Allan H. LaPlant is affirmed. Those parts of the orders of April 6, 1971, directing payment to the parties litigant, including that part directing payment of a note payable to the intervenor herein are reversed, with directions to hear evidence and receive proof of appellants' claim for improvements, and thereafter to enter such order,

judgment or decree as may seem agreeable to law.

STONE and TITUS, JJ., concur.

BILLINGS, J., took no part in the consideration or decision of this case.