Terry R. NEWTON, Appellant,

v.

REGIONAL INVESTMENT COMPANY, Respondent.

No. KCD 26706.

Missouri Court of Appeals, Kansas City District.

Dec. 2, 1974.

Robert B. Langworthy, Philip B. Green, Linde, Thomson, Van Dyke, Fairchild & Langworthy, Kansas City, for appellant.

William E. Simmons, Larry E. Butcher, and Miller & O'Laughlin, Kansas City, for respondent.

Before PRITCHARD, P. J., and SWOFFORD and SOMERVILLE, JJ.

SWOFFORD, Judge.

Appellant commenced this proceeding in the circuit court for approval of an irrevocable letter of credit tendered as a redemption bond under the provisions of Sections 443.410, 443.420 and 443.430, RSMo 1969, V.A.M.S., and to redeem certain real estate which had been foreclosed under a deed of trust. The court below approved the security by order *ex parte* on February 14, 1973, but thereafter granted another hearing to the respondent and on March 14, 1973, entered its order disapproving said security and dismissing the proceedings at the cost of the plaintiff (appellant here). Such order states that this action was taken on the authority of the case of State ex rel. Goodenough v. Turpin, 487 S.W.2d 876 (Mo.App.1972) because no proper notice of the proceedings had been given to the trustees or to the purchaser at the foreclosure sale, as required by Section 443.430, RSMo 1969, V.A.M.S. From that judgment this appeal was taken.

The appellant's points relied on deal only with the application of the one-day notice provision of Section 443.430, RSMo 1969, V.A.M.S., as applied to the facts of this case. It can be noted that the appellant makes no claim that the required one-day written notice of intention to file redemption proceedings and bond under Section 443.430, RSMo 1969, V.A.M.S., was, in fact, given to the trustee or purchaser, but excuses that failure because the trustee was not available for personal service.

During the pendency of this matter, the respondent filed two separate motions to dismiss this appeal. The first such motion was filed October 31, 1973 and was based upon the allegations that appellant's brief did not conform to the requirements of Rule 84.04(c), V.A.M.R., and that alleged errors were not properly preserved for review. This motion was taken with the case.

The second motion of respondent to dismiss this appeal was filed July 2, 1974 and was based upon the fact that the appellant had not redeemed nor offered to redeem the property foreclosed within the year following the foreclosure sale, as required by Section 443.410 et seq., RSMo 1969, V.A.

**824**

M.S., and that, therefore, all questions involved in this appeal have become moot. This motion was also taken with the case and it is now sustained.

The foreclosure of this property and the trustee's sale was held on *January 25, 1973*. No claim appears that this proceeding was in any way improper or failed to comply with the terms of the mortgage instruments. It is also undisputed that redemption notice before sale was properly given by appellant under Section 443.410, RSMo 1969, V.A.M.S. It is clear that even had proper notice been given after sale with reference to the petition to redeem and the security approved by the circuit court the appellant would still have been required to pay to the respondent the principal balance of the interest to date of redemption, costs, and expenses of foreclosure, and any damages to property during the period of redemption on or before *January 25, 1974*. Sections 443.410, 443.420, RSMo 1969, V.A.M.S.

 Section 443.410, RSMo 1969, V.A.M.S., provides that the owner of the statutory right to redemption *"shall within said year pay the debt  *  *  *"* and the other items above mentioned. This provision is mandatory and not directive, and it specifies no exceptions to the limitation of time. What is sought by appellant is a judicial extension or "tolling" of this mandatory legislative declaration by reason of his appeal from the order denying approval of this redemption letter of credit and his petition to redeem. Regardless of any equities or particular facts in this case, for a judicial decision to give to the appellant a longer time than set by the statute to effect redemption would be a judicial encroachment upon legislative function.

This is not a case of first impression in this state. Well reasoned and sound precedent exists in the decision of Euclid Terrace Corporation v. Golterman Enterprises, Inc., 327 S.W.2d 542 (Mo.App. 1959), a case strikingly similar to the facts

in this case. What was there concluded applies with equal force here.

 The points of error relied upon by appellant have thus become moot by the lapse of time. It is not within the province of an appellate court to decide moot, abstract questions where the court's mandate would have no practical effect and from which no practical relief could follow. Corken v. Workman, 231 Mo.App. 121, 98 S.W.2d 153, 155 [1, 5] (1936); Euclid Terrace Corporation v. Golterman Enterprises, Inc., supra, at p. 544 [1]; Adams v. Hamilton, 442 S.W.2d 138 (Mo. App.1969); Preisler v. Doherty, 365 Mo. 460, 265 S.W.2d 404, 407–408 [4, 5] (Mo. banc 1954); State ex rel. Myers v. Shinnick, 19 S.W.2d 676, 678 [1, 2, 3] (Mo. 1929).

For the reasons herein stated, this appeal is dismissed.

All concur.