**STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY,**
Respondent,

v.

**Henderson Lee JESSEE, Appellant.**

No. KCD 26929.

Missouri Court of Appeals,
Kansas City District.

March 31, 1975.

Motion for Rehearing and/or Transfer
Denied May 6, 1975.

Application to Transfer Denied
July 14, 1975.

Larry L. Zahnd, Zahnd & Whan, Maryville, for appellant.

Brown, Douglas & Brown, R. A. Brown, Jr., St. Joseph, for respondent.

Before WASSERSTROM, P. J., and SHANGLER and DIXON, JJ.

WASSERSTROM, Presiding Judge.

Plaintiff insurance company insured a truck owned by James Thompson, which was damaged in a highway accident. Plaintiff settled with Thompson on the basis of the loss being in the amount of $1,295, but it paid Thompson only $1,195 because of a $100 deductible provision in the policy. As part of the settlement, Thompson executed a Subrogation Receipt which recited a consideration of $1,295, the full amount of the loss. In addition to the amount paid directly to Thompson, plaintiff also paid $25.50 for tow-in and truck storage.

Alleging that defendant's negligence was the cause of the accident and the damages to the Thompson truck, plaintiff sued and attempted to collect from defendant for the full amount of the loss suffered. The jury returned a verdict and the court entered judgment for that full amount of $1,320.50.

Defendant appeals claiming that the jury should not have been permitted to consider the $100 deductible item as part of the damages recoverable by plaintiff, and he also asserts error in one of the jury instructions.

### I.

The Subrogation Receipt provided that Thompson "subrogates" the insurance company to all of his rights and further provided that he would not settle nor give any release of his claim "without the written consent of the said insurer." Defendant argues that under the opinion in Holt v. Myers, 494 S.W.2d 430 (Mo.App.1973), those provisions create only subrogation, not an assignment. On that basis he further argues that as subrogee, plaintiff is entitled to recover only that which it paid out and has no right to the $100 deductible item absorbed by Thompson. Defendant argues still further that if the Subrogation Receipt is construed to be an assignment, then the plaintiff still should not be permitted to recover the $100 in question because the proof would constitute a departure from the cause of action pleaded.

Defendant's analysis is faulty, leading it to pose a false issue. The cause of action upon which plaintiff sought recovery in this case was one of negligence. The matter of subrogation or assignment relates

only to the question of whether plaintiff has a right to assert that cause of action. In other words, when defendant delves into the distinction between subrogation and assignment, the only point of the inquiry is to ascertain whether plaintiff is the real party in interest under Rule 52.01, V.A.M. R., and 507.010, RSMo 1969, V.A.M.S.

■ The firmly established rule in Missouri, although apparently obtaining only in this jurisdiction, is that when an insurer pays a property loss, then its right to maintain suit against the tort-feasor depends upon whether it receives from the insured an assignment of the whole claim as compared with merely rights of subrogation. If the insurer receives such an assignment, then it has the exclusive right to maintain the suit against the tort-feasor for the entire claim including any deductible item. On the other hand, if the insurer's rights are simply those of subrogation, then legal title remains in the insured and he retains the exclusive right to bring the suit. This subject is extensively annotated in 13 A.L.R.3d 140, with a discussion of the Missouri cases in Section 15 at page 218. A scholarly discussion of the rule also appears in Automobile Insurance—Assignment, Subrogation and the Real Party in Interest Statute in Missouri, 26 Mo.L. Rev. 62 (1961). See also Kroeker v. State Farm Mutual Automobile Ins. Co., 466 S.W.2d 105 (Mo.App.1971); Holt v. Myers, supra; Alsup v. Green, 517 S.W. 151 (Mo.App.1974).

At the time the present case was being prepared for trial the application of the foregoing rule under the facts of this case was controlled by the decision of this court in Ewing v. Pugh, 420 S.W.2d 14 (Mo. App.1967). That case dealt with a settlement by the terms of which the insured agreed to make no compromise with any third party and "hereby subrogates the said company to all rights and causes of action." The Ewing opinion treated that document as constituting an assignment, so that the right to sue the tort-feasor for all elements of the loss (including the deductible sum absorbed by the insured) became vested exclusively in the insurer. Plaintiff here states that it relied upon the Ewing decision in pressing suit in this case solely in its own name.

One month prior to the date on which the trial of this case commenced, the St. Louis District of this Court handed down the Holt opinion in which it distinguished but also disagreed with the Ewing opinion. Regardless of what state that left the law on this subject, there was hardly time for the Holt opinion to have appeared in the advance sheets or otherwise to have reached the attention of the bar of this state before the trial of his case. After the conclusion of the trial here, it has become quite clear that Holt, rather than Ewing, will be followed by all three Districts. This District cited Holt with approval in State ex rel. Bartlett and Company, Grain, v. Kelso, 499 S.W.2d 579, 582 (Mo.App.1973), and the Springfield District in Alsup v. Green, supra, adopted Holt and stated express doubt as to the validity of Ewing. Ewing is essentially inconsistent with the later cases, and it should no longer be followed. It should be noted that application of this new ruling would result in denying the insurer the right to maintain this suit for any portion of the loss (not just a denial of a right to recover the $100 deductible amount as contended for by defendant) and to recognize that the exclusive right to sue for the entire loss still remains with the insured.

■ Had defendant properly raised this point in the trial court and in this court, he would have been entitled to a reversal. Unfortunately for him, he has not done so. It is questionable whether he adequately raised the point even in his answer; although he did make a specific averment that "the plaintiff has no capacity to sue," he did not include any supporting particulars as required by Rule 55.13. Even if the failure to give supporting particulars could be excused on the ground that they

were not within the defendant's knowledge, still no point concerning plaintiff's capacity to sue was preserved in the motion for new trial. Nor has such a point been presented to this court in defendant's Points Relied Upon. Therefore, any question respecting plaintiff's right to sue as the real party in interest has been waived and is not here for consideration.

■ The point which defendant does attempt to raise and the result which that argument would reach flies squarely in the teeth of all the Missouri law on this subject. The real party in interest statute has been consistently interpreted by the Missouri courts to require the unitary presentation of all claims for property damage in one lawsuit. Missouri courts have constantly denied the splitting of damages between an insurer and the insured, so as to allow the insurance company to sue for only that portion of the loss paid by it, with the insured retaining the right to sue for the balance. In Missouri, the complete cause of action must be presented by one or the other. In this case, the complete cause of action covering all elements of damage has been presented to and awarded by the jury. The plaintiff will receive under this award $100 which it will hold in trust for the benefit of the insured. Far from being inimical to the interest of the defendant, this result in reality will be for his benefit in that it will eliminate the necessity of still another lawsuit in order for the insured Thompson to be made whole.

## II.

The accident in this case occurred when Thompson was southbound on Highway 71, while defendant was traveling in the opposite direction, northbound. The testimony on behalf of Thompson and his passenger was that as the two vehicles approached, defendant was in the southbound lane and angling toward the Thompson truck; that after barely missing the forward part of the truck, and just after defendant passed their point of vision, they heard and felt a crash in the back part of the truck. Defendant testified that he was always on his own northbound side of the road and at no time came into collision with the Thompson truck.

The case was submitted to the jury under a verdict-directing instruction, No. 3A, which read as follows:

"Your verdict must be for plaintiff on plaintiff's claim for damages if you believe:

"First, defendant drove on the wrong side of the road, and

"Second, defendant was thereby negligent, and

"Third, as a direct result of such negligence the plaintiff sustained damage,

unless you believe plaintiff is not entitled to recover by reason of Instruction Number 4."

■ Defendant contends that this instruction erred in assuming the fact of a collision and failing to submit that disputed fact to the jury. This argument must be rejected. Instruction 3A followed MAI 17.13 (in the old form still in effect at the time of trial) and 17.01. It did submit the ultimate facts in accordance with the plaintiff's theory of the case. A plaintiff is not required to hypothesize or otherwise notice defensive evidence introduced by his adversary and may omit reference to the defendant's evidence which merely tends to disprove the plaintiff's affirmative allegations and evidence. Turner v. Cowart, 450 S.W.2d 441, 444 (Mo.1969).

■ A fundamental concept underlying the Missouri Approved Instructions is that only ultimate facts are to be submitted to the jury in counterdistinction to detailing a mass of evidentiary material. In this case the ultimate factual issue between the parties was submitted by paragraph Third of Instruction 3A which demanded that the jury find that plaintiff's damage was a direct result of defendant's negligence. The

insistence by defendant that every subsidiary debated fact be included in plaintiff's verdict directing instruction is virtually identical to that rejected by the Springfield District, pertaining to a wrongside of the road submission, in McCroskey v. Marshall, decided February 19, 1975.

### III.

Defendant also attacks Instruction No. 3A on the ground that the introductory portion includes the phrase "on plaintiff's claim for damages." This phrase appears in brackets in MAI 17.01, with a Note on Use to the effect that this phrase is to be used where defendant has made a counterclaim. There was no counterclaim in this case, and defendant therefore argues that the insertion of the quoted phrase constitutes an impermissible deviation.

Rule 70.01 does require that where an MAI is applicable it must be given in that form. Furthermore, Rule 70.01(c) provides that the giving of any other form of instruction "shall constitute error, its prejudicial effect to be judicially determined." The tendency of our courts is to insist upon strict compliance with this rule. Nevertheless, this insistence falls short of mechanical rigidity, and minor inadvertent deviations have sometimes gone without penalty. The appropriate criterion in such cases was stated in Wegener v. St. Louis County Transit Co., 357 S.W.2d 943, 949 (Mo. banc 1962), as follows: " . . . for this Court to justify [the instruction's] refusal for such slight and inconsequential deviations would be to set the standard above that required in the practical administration of justice."

Illustrative of cases holding minor deviations to be nonprejudicial are Offenbacker v. Sodowsky, 499 S.W.2d 421, 424 (Mo. 1973), where an instruction incorrectly used the phrase "to have stopped" instead of "to stop"; Price v. Bangert Brothers Road Builders, Inc., 490 S.W.2d 53, 57 (Mo. 1973), where the instruction incorrectly used the phrase "defendant was negligent" instead of "defendant's conduct was negligent"; Newsom v. Crockett, 453 S.W.2d 674, 676 (Mo.App.1970), where the instruction incorrectly contained insertion of the phrase "ordinary care which means"; Stahlheber v. American Cyanamid Co., 451 S.W.2d 48, 62 (Mo.1970), where the instruction incorrectly used the word "there" instead of "thereby"; Burrell v. Mayfair-Lennox Hotels, Inc., 442 S.W.2d 47, 48 (Mo.1969), where "should" was incorrectly used instead of "could"; Jackson v. Cherokee Drug Co., 434 S.W.2d 257, 262 (Mo. App.1968), where two unauthorized commas were inserted; and State v. Campbell, 433 S.W.2d 606, 613 (Mo.App.1968), where the instruction incorrectly used the phrase "willing and desirous" instead of "willing or desirous".

The insertion into Instruction 3A of the unnecessary phrase "on plaintiff's claim for damages" does not reflect the care which should be expected of good lawyers. Such error jeopardizes the results of a full trial and exposes a successful result to heavy risk. This type of practice is hardly to be commended. Nevertheless, a consideration of the facts of this particular case persuades the conclusion that the jury could not have been misled and that the deviation was not prejudicial.

Affirmed.

All concur.