AMERICAN FAMILY INSURANCE
GROUP, Plaintiff-Appellant,

v.

George W. WILCOXSON et al.,
Defendants-Respondents.

No. KCD29550.

Missouri Court of Appeals,
Kansas City District.

Oct. 2, 1978.

Gregory M. Perlstein, Kansas City, for plaintiff-appellant.

Max W. Foust, G. Spencer Miller, Kansas City, for defendants-respondents.

Before SOMERVILLE, P. J., and DIXON and TURNAGE, JJ.

DIXON, Judge.

Plaintiff appeals from an order of the circuit court dismissing the plaintiff's petition. The case was by de novo review from

the magistrate court which had entered a judgment for defendant. The defendant's motion to dismiss raised the issue of real party in interest.

Plaintiff's petition alleged that it was the insurer for one Olson and that Olson's automobile had been damaged through the negligence of the defendants. It was further asserted that, pursuant to the plaintiff's insurance contract with Olson, it had paid Olson $1,709.32, and that plaintiff was the assignee of the rights of Olson to bring the action.

The real and substantive issue to be determined in this case is whether or not the plaintiff received an assignment of the insured's entire cause of action and is thus the real party in interest or whether the plaintiff was a subrogee based on a subrogation agreement and therefore not the real party in interest.

Plaintiff in its first point with three subpoints meets that issue, contending that it was an assignee.

■ In the first subpoint, plaintiff claims the trial court erred in considering the Proof of Loss form executed by Olson which was apparently attached to interrogatory answers of the plaintiff. Plaintiff argues that a motion to dismiss is tested only against the petition, and on its face the petition is immune from the real party in interest defense because it asserts the plaintiff was an assignee. To countenance this argument would allow an imposter plaintiff to bootstrap himself into a lawsuit through the allegations in his petition and defer the discovery of his imposition until after the trial proper has begun and after unnecessary investment of time and expenditure. To require such a dilatory disposition of a potentially dispositive issue would violate the announced policy of the Missouri Rules of Civil Procedure which is to "secure the just, speedy and inexpensive determination of every action." Rule 41.03. Indeed, the rules themselves provide for the hearing and considering of evidence, other than the petition, in resolving this type of motion.

It is readily apparent that the motion questions the plaintiff's legal capacity to sue. *Cf. State Farm Mutual Automobile Insurance Company v. Jessee*, 523 S.W.2d 832 (Mo.App.1975). Rule 55.27 specifically provides that such questions can be presented by motion and that it shall be heard and determined before trial unless the court orders otherwise. Rule 55.28 provides that when a motion is based on facts not appearing of record the court may hear the matter on affidavits, records, or other evidence. *Fine v. Waldman Mercantile Company*, 412 S.W.2d 549 (Mo.App.1967). Clearly, the procedures followed in the instant case (that of considering evidence other than the mere petition in hearing this motion to dismiss because the plaintiff was not the real party in interest) were proper. In fact, it is the procedure which has long been followed in Missouri. *Alsup v. Green*, 517 S.W.2d 151 (Mo.App.1974); *Kroeker v. State Farm Mutual Automobile Insurance Company*, 466 S.W.2d 105 (Mo.App.1971).

■ In the second subpoint, plaintiff claims that an automobile liability insurance company which receives an assignment of its insured's entire cause of action is the real party in interest and can bring suit in its own name. There is no question but that this is a correct principle of law (*State Farm Mutual Automobile Insurance Company v. Jessee*, 523 S.W.2d 832 (Mo.App. 1975); *Lumbermen's Mutual Casualty Company v. Norris Grain Company*, 343 F.2d 670 (8th Cir. 1965)), and defendants concede it to be such.

■ In the third subpoint, plaintiff asserts the proof of loss made it an assignee. Plaintiff's "proof of loss" form was an exhibit, and it is filed in this court. It recites in pertinent part:

"It is, therefore, understood and agreed: . . . 3. that the company is hereby *subrogated*, to the extent of said payment, to all rights of recovery which the insured has, may have or ought to have against any person or organization on account of said loss, and that the insured agrees to execute any document, furnish any information required by the company or do whatever else is necessary to secure

and prosecute said rights, *and that the insured hereby empowers the company to sue, compromise or settle in his name or otherwise.*" (Emphasis added).

The proof of loss document thus not only denominated plaintiff's status as that of subrogee but also specifically recognized that any further suits would be in the insured's name. These provisions made plaintiff a subrogee and not an assignee.

In *Holt v. Myers*, 494 S.W.2d 430 (Mo. App.1973), the St. Louis Court considered a document signed by the plaintiffs and given to their insurance company after it had paid them on a property loss claim to determine whether plaintiffs were assignors or subrogors. The document contained the following language:

"In consideration of and to the extent of said payment the undersigned hereby *subrogates* said Company, to all of the rights, claims and interest which the undersigned may have against any party, person, persons, property or corporation liable for the loss mentioned above, *and authorizes the said Company to sue, compromise, or settle in the undersigned's name or otherwise* all such claims and to execute and sign releases and acquittances and endorse checks or drafts given in settlement of such claims in the name of the undersigned, with the same force and effect as if the undersigned executed or endorsed them." *Holt, supra* at 436. (Emphasis added).

The court held that the instrument was one of subrogation and not assignment. *Holt* controls the construction of the document in the instant case.

The plaintiff, being a subrogee, was not a proper party but had to sue in the name of the subrogor, and the sustaining of the defendants' motion to dismiss was proper. *Kroeker v. State Farm Mutual Automobile Insurance Company, supra.*

▉ Plaintiff's second point, claiming error in overruling its motion to correct the pleadings by interlineation by substituting the name "American Standard -Insurance Company, Inc." for the nominated plaintiff, is made moot by the disposition of the first

point. Plaintiff represents that the interests of the nominated party and the proposed party in this suit are identical and that there has merely been a clerical mistake in using a generic nickname for the plaintiff's true corporate name. Even if relief were granted under Point II, the substitution would be totally ineffectual to change the judgment. This court should not proceed to discuss a question which is moot when the resolution of the issue is not necessary for a determination of the appeal. *Newton v. Regional Investment Company,* 516 S.W.2d 822 (Mo.App.1974); *Kestner v. Jakobe,* 412 S.W.2d 205 (Mo.App.1967).

Judgment affirmed.

All concur.