HEN HOUSE INTERSTATE, INC., Plaintiff–Appellant,

v.

STATE HIGHWAY COMMISSION OF MISSOURI, Defendant–Respondent.

No. WD 31113.

Missouri Court of Appeals, Western District.

Sept. 2, 1980.

Robert L. Hyder, Jefferson City, for plaintiff–appellant.

Bruce A. Ring, State Highway Commission, Jefferson City, for defendant–respondent.

Before WASSERSTROM, C. J., Presiding, and KENNEDY and PRITCHARD, JJ.

KENNEDY, Judge.

Defendant State Highway Commission issued to plaintiff Hen House Interstate, Inc., its "Notice to Remove Outdoor Advertising", afterwards denying a request for an administrative hearing on the ground that the request was untimely filed. Upon this judicial review action, the circuit court affirmed the order of the Highway Commission. From the circuit court judgment an appeal has been taken to this court. We reverse the judgment of the circuit court.

Hen House Interstate, Inc.–possibly a restaurant–had a large billboard near Highway I–44 in Crawford County. The State Highway Commission sent to the owner a "Notice to Remove Outdoor Advertising". The notice, which was received by Interstate on October 12, 1976, said the sign was "unlawful" because "being maintained without a permit, as required by § 226.550,

RSMo", and because "erected on or after March 30, 1972, contrary to law". The notice went ahead to say the owner would have 30 days in which "to correct the unlawful condition specified, or to request a hearing before the Commission." If the condition was not corrected within that time, the notice indicated, and if no request for a hearing was made, the sign would be removed at the owner's expense.

In sending the notice, the Commission purported to be acting under § 226.-500–.600, RSMo 1978, a law of almost impenetrable obfuscation for the regulation of billboard advertising along certain highways. Sec. 226.580 thereof makes unlawful certain outdoor advertising within 660 feet of the right of way of interstate or primary highways, Highway I–44 being one of the former. Of the several proscribed categories are "signs erected after March 30, 1972, contrary to the provisions of §§ 226.500 to 226.600" and "signs for which a permit is not obtained as prescribed in §§ 226.500 to 226.600".

After the notice was received by Hen House on October 12, 1976, Hen House promptly filed with the Commission an "Application for Permit to Erect and Maintain Outdoor Advertising", along with the required fee of $10. The application was on a printed official form of the Highway Commission. The reader will notice that the permit, if granted, would correct the first of the unlawful conditions stated in the notice, that the sign was "being maintained without a permit".

The billboard law sets up a system of "one–time permanent permits" for billboards, § 226.550. Permits are to be issued for billboards "lawfully existing" on March 29, 1972–except certain ones–and also for those erected after March 30, 1972, "which are in conformity with §§ 226.500 to 226.-600."

The Commission returned to Hen House its application for a permit and its check for $10. An accompanying letter from the district engineer told Interstate "(t)he above are being returned because your sign location is within 500 ft. of another sign.

Therefore, it does not meet the spacing requirements of Section 226.540, Subsection 3, Part (a), Item a, of Senate Bill No. 382." In oral testimony in the circuit court hearing an employee of the Commission, called by the Commission as a witness, said that the sign was erected after March 30, 1972, and that the other sign antedated the Hen House sign.

Thereafter the attorney for Hen House wrote a letter to the Highway Department, dated November 15, 1976, and received by it on the 17th, requesting a hearing upon the notice to remove.

The Commission decided, however, that Hen House's request for a hearing was untimely and denied the same. It has reconfirmed its order that Hen House remove its sign.

If the original notice of October 12, 1976, was efficacious, then the Commission was correct in deciding that Hen House's request for a hearing was untimely, for Hen House's request for a hearing was not received by the Commission until November 17, more than 30 days after the notice. Sec. 226.580.3 requires that a request for an administrative review of a sign violation notice shall be filed within 30 days of the notice.

The October 12 notice, though, was not sufficient under the statute. Section 226.-580 says the notice shall "*specify* the basis of the alleged unlawfulness, shall *specify* the remedial action which is required to correct the unlawfulness . . ." (emphasis added). The October 12 notice to Hen House gave as the first point of alleged unlawfulness that the sign had no permit. That would be a good allegation, if the sign were one for which a permit could be issued. For this sign, though, no permit could be issued. The basic underlying complaint against this sign was not that it had no permit, but that, having been erected after March 30, 1972, it was located within 500 feet of another pre–existing sign on the same side of the highway. This disqualified it from a permit, as the district engineer's October 26 letter said which turned down the permit, and as the Commission says in its brief here. (As to signs erected after

March 30, 1972, to qualify for permits they must be "in conformity with §§ 226.500 to 226.600", § 226.550, Subsection 2(3). To be in conformity with such law, it must comply with the spacing requirement of § 226.540, that "(n)o sign structure shall be hereafter erected within 500 feet of an existing sign on the same side of the highway", § 226.-540(3)(a)(a).

█ The real complaint against this sign, then, is found in the second allegation of unlawfulness in the notice. It is the same complaint as that which disqualifies it for a permit. That allegation was: "The sign was erected on or after March 30, 1972, contrary to law." The notice does not *specify* in what respect the sign was "contrary to law". It does not *specify* what remedial action should be taken. *Thursby v. State*, 223 A.2d 61, 70 (Me.1966); *Carteret Properties v. Variety Donuts, Inc.*, 49 N.J. 116, 228 A.2d 674, 678 (1967); *Rouse v. O'Connell*, 78 Misc.2d 82, 353 N.Y.S.2d 124, 128 (Sup.Ct. 1974). The idea of the notice requirements of the statute is that a wayfaring man may read the notice and understand why his sign does not comply with law and what he must do to bring it into compliance. *National Advertising Co. v. State Highway Comm.*, 549 S.W.2d 536 (Mo.App.1977); *State ex rel. Gleason v. Rickhoff*, 541 S.W.2d 47, 50 (Mo. App.1976); *State v. Aronson*, 330 S.W.2d 140 (Mo.App.1959); *Gibbons v. Arizona Corp. Commission*, 95 Ariz. 343, 390 P.2d 582, 585 (banc 1964); *State v. Board of Trustees of Ind. St. Teach. Retire F.*, 245 Ind. 693, 201 N.E.2d 564, 567[4] (1964).

The initial notice of October 12 was wholly deficient to comply with the statute and did not start the 30 days running. *State ex rel. Goodenough v. Turpin*, 487 S.W.2d 876 (Mo.App.1972); *Woodruff v. Tourville Quarry, Inc.*, 381 S.W.2d 14 (Mo.App.1964); § 226.580.3–4, RSMo 1978; *Whitman v. State Highway Comm. of Missouri*, 400 F.Supp. 1050, 1073 (W.D.Mo.1975).

█ We will assume that the October 26 letter from District Engineer Kriz to Hen House may be treated as a supplement to the October 12 notice, and that it supplies the deficiency which we have noted. It

advises Hen House that "your sign location is within 500 feet of another sign. Therefore it does not meet the spacing requirements of § 226.540, Subsection 3, Part (a), Item a, of Senate Bill No. 382". It still does not specify what remedial action should be taken, but perhaps that would be obvious enough. We will assume, as we said, that this letter supplemented the October 12 notice and gave to Hen House the notice contemplated by the statute.

Hen House's request for administrative review was made within 30 days of the October 26 letter, which completed the "Notice to Remove". Hen House is entitled to a hearing. If the improper spacing allegation is shown upon hearing to be unsupported by the evidence, or if the improper spacing is duly corrected, then the sign will be entitled to a permit and also the second complaint will have been cured, i. e., that the sign was erected after March 30, 1972, contrary to law.

Respondent has filed a motion to dismiss the appeal for failure of appellant's brief to comply with Supreme Court Rules 84.04 and 84.05. There is merit in this motion, but we have decided not to apply the harsh sanction of dismissal and to consider the case upon its merits. *LaPlant v. LaPlant*, 505 S.W.2d 132, 134 (Mo.App.1974). *See also State ex rel. Goodenough v. Turpin, supra* at 877[2]; *Videon Corp. v. Burton*, 369 S.W.2d 264, 266–7[1] (Mo.App.1963).

The judgment of the trial court is reversed. The cause is remanded to the circuit court, to be in turn remanded to the Commission for administrative review of its "Notice to Remove", as required by § 226.-580.3.

All concur.