**162**

OSAGE OUTDOOR ADVERTISING,
INC., Appellant,

v.

MISSOURI HIGHWAY AND TRANS-
PORTATION COMMISSION,
Respondent.

No. WD34925.

Missouri Court of Appeals,
Western District.

Aug. 21, 1984.

As Modified Oct. 30, 1984.

Application to Transfer Denied
Dec. 18, 1984.

Alex Bartlett, Jefferson City, for appellant.

Bruce A. Ring, Chief Counsel, Dennis J. Redel, Asst. Counsel, Missouri Highway and Transportation Commission, Jefferson City, for respondent.

Before TURNAGE, C.J., and DIXON and CLARK, JJ.

DIXON, Judge.

Osage Outdoor Advertising, Inc., appeals the judgment of the circuit court affirming the decision of the Highway and Transportation Commission ordering the removal without compensation of two highway signs. The issue presented is whether the order of removal was within the Commission's authority under the provisions of the Billboard Act, Sections 226.500 to 226.600, RSMo 1978.[1]

The signs are located in an area zoned for residential use and are within 660 feet of the right-of-way of U.S. Highway 50 in Sedalia, Missouri. Highway 50 is part of the primary highway system as defined by Section 226.510(4). The stipulated facts show that the signs were erected sometime after January 1, 1968, but before March 30, 1972.

The stipulation of the parties provided that either party could provide additional record with respect to the zoning status of the location within thirty days. If no additional record was furnished, the record was to be closed and the area where the signs were located was to be considered "residential." No additional materials were presented and counsel for Osage specifically waived the right to supplement the record as to the zoning classification. Thus, the sign in question was within 660 feet of Highway No. 50, a part of the primary highway system in a zoned incorporated municipality and in an area zoned for residential use. The signs were erected in violation of the law and are unlawful. §§ 226.520 and 226.540 RSMo 1969, Sec-

1. All statutory references not otherwise noted    are to RSMo 1978.

tions 3 and 4. S.B. 8 Laws of Mo.1965, pp. 900–05.

In July 1981 the Commission sent a notice to Osage that the signs were in violation of the location provisions of Section 226.520 and 226.540, RSMo 1969, and that their removal was required. The Commission notice indicated that the only remedial action available was removal. After an administrative hearing, the Commission concluded the signs were in violation of the above sections, were not lawfully existing signs under Section 226.550.2(2), and were subject to removal without compensation.

Osage briefs a single issue, asserting that the notice upon which the proceedings were initiated was invalid. Osage argues that the notice, which specifies that the sign erected after January 1, 1968, but before March 30, 1972, in violation of the location provisions of Sections 226.520 and 226.540 RSMo 1969, does not constitute notice of a violation of Section 226.580 RSMo.

■ It is the position of Osage that Section 226.580 as set forth in Senate Bill 382 (effective March 30, 1972) does not contain any provision for removal of a sign which violated the statutes for the period from January 1, 1968, to March 30, 1972. Osage contends that the legislature has failed to specify that signs which were illegal prior to March 30, 1972, may be removed without compensation because the "first reason" specified in Section 226.580.1(1) is restricted to signs erected after March 30, 1972. Osage contends there is no provision in Section 226.580 which provides for removal of a sign in violation of the provisions of the law in effect between January 1, 1968, and March 30, 1972. The only Missouri case cited in support of the argument is *Hen House Interstate, Inc. v. State Highway Commission*, 604 S.W.2d 821 (Mo. App.1980).[2]

The history of the attempts by the Missouri legislature to control billboards in compliance with the Highway Beautifica-

tion Act of 1965 (23 U.S.C. § 131 et seq. (1962)) is recounted in *National Advertising Co. v. State Highway Commission*, 549 S.W.2d 536 (Mo.App.1977). In that case, Judge Smith, writing for the Eastern District, made an analysis of the statutory development and considered the effect of the 1972 amendments to the statute upon the prior legislative action embodied in S.B. 8, Laws of Mo.1965, pp. 900–905. In *National* the owners of billboards had requested a declaratory judgment as well as an injunction against proceedings by the Highway Commission to remove certain billboards without compensation. The court stated that among the issues posed by National as error was the trial court's finding that:

(4) ... the law permits the removal without compensation of signs erected in violation of lighting, sizing, spacing or location requirements of S.B. 8.

549 S.W.2d at 539.

... as to those signs which were erected from January 1, 1968 to March 30, 1972, which were not in compliance with S.B. 8 for reasons other than lack of a permit. The original "forgiveness" provision is restricted expressly to signs "... which would otherwise be lawful but for the failure to have a permit ..." and specifically states that "any sign or structure which was not in compliance with sizing, spacing, lighting, or location requirements of the act repealed hereby, wheresoever located, shall not be considered a lawfully existing sign or structure; ...." Section 226.550.2(2).

Signs erected contrary to sizing, spacing, lighting or location requirements under S.B. 8 are not lawfully existing signs. Only lawfully existing signs are entitled to permits. Section 226.550.2. *Signs which do not obtain permits are unlawful and subject to removal without compensation. Sections 226.580.1(2) and 226.580.4. It therefore follows that signs in violation of S.B. 8 are not*

**2.** The citation is of no aid to Osage since it decided issues relating to a sign erected after March 30, 1972.

*entitled to permits and may be removed without compensation under Section 226.580.1(2)* ....

*We do not find, as plaintiff contends, any intention or effort by the general assembly to forgive violations of S.B. 8 respecting sizing, spacing, lighting or location of signs.* If plaintiff has violated the law of this state, it can hardly complain that the state does not elect to pay it compensation for its illegal conduct, or that such payment is required.

*Nat. Advertising Co., supra,* 549 S.W.2d at 540–41. *Emphasis supplied.*

The sign in the instant case is an unlawful sign, erected after January 1, 1968, and before March 30, 1972, in violation of the provisions of S.B. 8, Laws of Mo.1965, pp. 900–905. There was no legislative intent to forgive such violations, as *National Advertising* holds and as the general savings statute would require. Section 1.170.

The following specific language of *National* controls the instant case:

Signs which do not obtain permits are unlawful and subject to removal without compensation. Sections 226.580.1(2) and 226.580.4. It therefore follows that signs in violation of S.B. 8 are not entitled to permits and may be removed without compensation under Section 226.-580.1(2).

*Nat. Advertising Co., supra,* 549 S.W.2d at 541.

Osage does not contend that the notice in this case lacks specificity. Osage insists the notice is invalid because it does not recite a provision of Section 226.580, which specifically authorizes removal, without compensation, of a sign erected prior to March 30, 1972. The necessary premise of this argument is that *only* Section 226.580 authorizes removal without compensation of an illegal sign. The premise is not sound. *Boyce Industries v. Missouri Highway and Transportation Commission,* 670 S.W.2d 147, 151 (Mo.App.1984). In *Boyce* precisely the same argument was made. Removal without compensation of a nonconforming but preexisting sign was ordered when the Commission found that

the repairs made to the preexisting sign exceeded those permitted under Commission regulations. *Boyce* raised the same issue, that Section 226.580 made no provision for removal of a preexisting nonconforming sign, which became an illegal sign because of excessive repair. *Boyce* held that the specific legislative direction to comply with federal law and regulations required the removal of the sign. 670 S.W.2d at 151. *Boyce* controls in the instant case. The stipulated facts here demonstrate that the present signs are unlawful. They have no permits and are not entitled to them. They were subject to removal. The judgment is affirmed.

All concur.