**PROTECTION SPRINKLER COMPANY, Respondent,**

v.

**LOU CHARNO STUDIO, INC., Appellant.**

**No. WD 48516.**

Missouri Court of Appeals, Western District.

Dec. 13, 1994.

James F. Freeman, Kansas City, for appellant.

Robert M. Houske, Kansas City, for respondent.

Before KENNEDY, P.J., and BRECKENRIDGE and SPINDEN, JJ.

SPINDEN, Judge.

In this contract dispute between Protection Sprinkler Company and Lou Charno Studio, Inc., Protection Sprinkler complains that Lou Charno Studio breached its agreement to release Protection Sprinkler from any further liability in connection with a fire at the studio. Protection Sprinkler paid Lou Charno Studio $25,000 to settle the studio's claim that Protection Sprinkler's negligence was partially responsible for the studio's losses in the fire. Lou Charno Studio agreed to release Protection Sprinkler from any further liability in the matter and to hold it harmless from any other actions. When Lou Charno Studio sued others for its losses, those defendants impleaded Protection Sprinkler. This dispute involves the attorney fees and expenses Protection Sprinkler incurred in defending itself in the subsequent, third-party action.

The trial court entered summary judgment for Protection Sprinkler and awarded it $13,-416.11. Lou Charno Studio complains on appeal that Protection Sprinkler's insurer paid the attorney fees and expenses. It contends that Protection Sprinkler, therefore, was not the real party in interest; its insurer was. We affirm the trial court's granting summary judgment in favor of Protection Sprinkler.

The dispute arose when a fire damaged Lou Charno Studio on August 25, 1988. Lou Charno Studio sued Protection Sprinkler for alleged negligence which partially caused the damages. The parties settled the suit on April 5, 1989. Their settlement agreement contained this release:

[Lou Charno Studio agrees] to indemnify and hold harmless PROTECTION SPRINKLER COMPANY from any and all actions, causes of action, including but not limited to, causes of action based on theories of contribution or non-contractual indemnity, as that term is defined in Section 537.060 of the Missouri Revised Statutes on account of, or in any way growing out of this incident.

Lou Charno Studio later sued K.C. Coring and Cutting Construction, Inc., and Schaffer's Bridal Shop, Inc., alleging that they had caused part of its losses in the fire. Schaffer's Bridal Shop impleaded Protection Sprinkler as a third-party defendant. Nearly a year later, Lou Charno Studio dismissed its suit against K.C. Coring and Schaffer's Bridal Shop. Schaffer's Bridal Shop dismissed its third-party claim against Protection Sprinkler.

On January 31, 1992, Protection Sprinkler sued Lou Charno Studio for breach of the settlement agreement and for indemnification of the attorney fees and expenses it incurred in defending the third-party action filed against it by Schaffer's Bridal Shop. Lou Charno Studio responded that Protection Sprinkler's insurer, Chubb Insurance Company, had paid the fees and expenses and that Chubb Insurance was, therefore, the real party in interest.

Lou Charno Studio argues in its first point on appeal that the trial court erred in granting summary judgment to Protection Sprinkler because Chubb Insurance—not Protec-

tion Sprinkler—was the real party in interest. It relies on Rule 52.01's requirement that an action "be prosecuted in the name of the real party in interest." It argues that the indemnity provision in the settlement agreement extended only to Protection Sprinkler and, therefore, did not cover any fees or expenses incurred by Chubb Insurance. We disagree.

The settlement agreement required Lou Charno Studio to indemnify and hold Protection Sprinkler harmless from any cause of action resulting from the August 25, 1988, fire. This obligated Lou Charno Studio to defend Protection Sprinkler against even third-party lawsuits resulting from the fire. Lou Charno Studio's failure to defend Protection Sprinkler breached this agreement.

Lou Charno Studio's contention that Chubb Insurance was the real party in interest because it paid for Protection Sprinkler's defense is contrary to the duties and rights created by the settlement agreement. The party with the bare legal title to a claim is the real party in interest. *Klein v. General Electric Company*, 714 S.W.2d 896 (Mo.App. 1986). That Chubb Insurance paid the bills is irrelevant to determining whether Protection Sprinkler is the real party in interest.

What is relevant is whether Protection Sprinkler assigned its claim to Chubb Insurance. *Id.* at 902–03. When an insurer pays a loss, its becoming the real party in interest depends on whether the insured has assigned the underlying claim to it. *State Farm Mutual Auto Insurance Company v. Jessee*, 523 S.W.2d 832 (Mo.App.1975). When an insured does not assign its claim, the insured retains title to the action. *Id.* at 834. *See also Bank of St. Helens v. Clayton Bank*, 502 S.W.2d 449 (Mo.App.1973). Here, Lou Charno Studio did not prove that Protection Sprinkler assigned the claim to Chubb Insurance.

Lou Charno Studio also contends that the trial court erred in concluding that it owed Protection Sprinkler contractual· damages when Chubb Insurance—not Protection Sprinkler—incurred the damages. It asserts that because Chubb Insurance had paid all of Protection Sprinkler's expenses in defending

the third-party action, Protection Sprinkler was no worse off than had Lou Charno Studio not breached the contract. It contends that the trial court's judgment has put Protection Sprinkler in a better position.

Protection Sprinkler responds by asserting the collateral source rule: "[A] wrongdoer is not entitled to have the damages to which he is liable reduced by proving that plaintiff has received or will receive compensation or indemnity for the loss from a collateral source." *Collier v. Roth*, 434 S.W.2d 502, 506–07 (Mo.1968).

Though more commonly employed in tort cases, the collateral source rule also applies to contract actions. *Wells v. Thomas W. Garland, Inc.*, 39 S.W.2d 409 (Mo.App. 1931); *Hibbs v. Jeep Corporation*, 666 S.W.2d 792 (Mo.App.1984). Hence, damages assessed against Lou Charno Studio, the wrongdoer, should not be offset.

The trial court properly entered judgment for Protection Sprinkler.

All concur.