**FARMERS INSURANCE COMPANY, INC., Respondent,**

v.

**Mike R. EFFERTZ and Effertz Brothers Farms, Inc., Appellants.**

**No. WD 42395.**

Missouri Court of Appeals, Western District.

July 3, 1990.

Motion for Rehearing and/or Transfer to Supreme Court Denied Aug. 28, 1990.

Application to Transfer Denied Oct. 16, 1990.

F. Allen Speck, Steven H. Mustoe, Kansas City, for appellants.

Lance W. Lefevre, Kansas City, for respondent.

Before MANFORD, P.J., and KENNEDY and ULRICH, JJ.

PER CURIAM:

This is an appeal by Mike Effertz and Effertz Brothers Farms, Inc., from a judgment against them and in favor of Farmers Insurance Company in a court tried case upon a subrogation claim (as we shall call it for convenience, although one of the issues is whether the claim was a subrogation claim or was based instead upon an assignment) by Farmers against Mike Effertz and Effertz Brothers for property damage growing out of an automobile collision. (We will hereafter refer to Mike Effertz and the corporation collectively as "Effertz".)

Farmers had a policy of insurance insuring Marion Davis against collision loss on his 1981 Oldsmobile automobile. On July 24, 1982, Davis was involved in a collision between his insured automobile and an automobile operated by David Spindle. The Spindle automobile was in the act of passing a farm tractor operated by defendant/appellant Mike Effertz, who was in the employ of defendant/appellant Effertz Brothers Farms. The Davis automobile was damaged and Davis suffered personal injuries. Farmers paid Davis $9137 for his property damage. After deducting the salvage value of the Davis car, Farmers demanded reimbursement from the Spindle insurance company of $7342.50. This figure included $120 deductible, a part of the collision loss which had been borne by Davis under the terms of the policy.

Davis sued Spindle and Effertz for his personal injuries, but not for his property damage. While the litigation was pending, Farmers made repeated inquiries of the Spindle insurance company about its subrogation claim. The insurance company declined to consider the claim while the litigation was pending. At one point Farmers' lawyer, Sylvester Powell, proposed to Robert Graeff, who was representing the Davises on their personal injuries claims, that he add a property damage count to the personal injuries petition. Graeff declined to do so, on the ground that the Davises would be making a claim against Farmers on the underinsured motorist coverage of Davis's insurance policy, and to assert Farmers' subrogation claim in the personal injuries lawsuit would place himself and Farmers respectively in inconsistent positions.

Davis's personal injuries claim was tried, resulting in a judgment in Davis's favor for $135,000, with fault allocated 40% to Spindle and 60% to Effertz. Effertz appealed. During the pendency of the appeal, the parties reached a compromise and the personal injuries judgment was satisfied. Spindle's insurance company then paid to Farmers its 40% of Farmers' subrogation claim, but the Effertz insurance company refused payment of its 60% portion thereof. This lawsuit followed, with the result described above.

Farmers in its petition alleged that Davis had "assigned" his property damage claim to Farmers. There was no written assignment, however, and Farmers for its claim that there was an assignment relies upon a conversation between Farmers' lawyer, Sylvester Powell, and Davis's lawyer, Robert Graeff, while the personal injuries case was pending.

Effertz says the conversation did not amount to an assignment, and we must agree. Graeff testified about the conversation: "I know the conversation existed with Mr. Powell and I know that it was my intention that Farmers would be free to pursue the matter in their name after this lawsuit was tried.... I cannot tell the court here that I specifically remember telling him that." No particular form of words is necessary to accomplish an assignment, so long as there appears from the circumstances an intention on the one side to assign in praesenti and on the other side to receive, *Miller v. Heisler*, 187 S.W.2d 485, 488 (Mo.App.1945). The conversation testified to by Graeff cannot be held to be a present assignment. Arguing against any intention on Graeff's part to make a present assignment of the property dam-

age claim as Davis's agent is the following Graeff testimony:

> At the time I was initially retained by Mr. Davis, I believe that almost at that same time we had discussed the matter of his property damage and he told me that Farmers had taken care, had paid his property damage and that they were going to take care of the whole thing as far as his car. That's the extent of the conversation before the trial of his personal injury issues.

If we could find a purported assignment in Graeff's statements to Powell, we would then be faced with the question whether Graeff had any authority from Davis to make the assignment.

The parties by joining issue upon the presence or absence of an assignment to Farmers of Davis's property damage claim, as opposed to Farmers being merely subrogated to Davis's property damage claim, implicitly acknowledge the Missouri rule as explained in *State Farm Mutual Automobile Insurance Company v. Jessee,* 523 S.W.2d 832, 834 (Mo.App.1975):

> The firmly established rule in Missouri, although apparently obtaining only in this jurisdiction, is that when an insurer pays a property loss, then its right to maintain suit against the tort-feasor depends upon whether it receives from the insured an assignment of the whole claim as compared with merely rights of subrogation. If the insurer receives such an assignment, then it has the exclusive right to maintain the suit against the tort-feasor for the entire claim including any deductible item. On the other hand, if the insurer's rights are simply those of subrogation, then legal title remains in the insured and he retains the exclusive right to bring the suit.

■ An assignment is a volitional act of assignor and assignee. It divests the assignor of all interest in the thing assigned, and vests the same in the assignee. *Klein v. General Electric Co.,* 714 S.W.2d 896, 902 (Mo.App.1986); *Kershner v. Hilt Truck Line, Inc.,* 637 S.W.2d 769, 771–72 (Mo.App.1982); *Cantor v. Union Mutual Life Insurance Co.,* 547 S.W.2d 220, 225 (Mo.App.1977); *Holt v. Myers,* 494 S.W.2d 430, 437 (Mo.App.1973). Subrogation on the other hand arises by operation of law (in the casualty insurance context) when the insurance company under its contract obligation pays all or a part of the property damage incurred by its insured. The legal title to the cause of action remains in the insured. The exclusive right to sue for the entire loss remains with the insured, *State Farm Mutual,* 523 S.W.2d at 834, though he will hold the proceeds for the insurer.

■ To conclude, Farmers' rights were based, not upon assignment—for there was no assignment—but upon subrogation arising by operation of law upon its property damage payment to Davis. That being the case, a number of Missouri cases hold that the insurance company is not the real party in interest and could not bring suit in its own name. *Holt,* 494 S.W.2d at 435–38; *see also, Cantor,* 547 S.W.2d at 225–26; *State Farm Mutual,* 523 S.W.2d at 834; *Alsup v. Green,* 517 S.W.2d 151, 153–54 (Mo.App.1974).

Judgment reversed and judgment entered in favor of Mike R. Effertz and Effertz Brothers Farms, Inc. Rule 84.14.