CARDINAL GLENNON CHILDREN'S HOSPITAL, A Not–For–Profit Corporation, Plaintiff–Respondent,

v.

ST. LOUIS LABOR HEALTH INSTITUTE, A Corporation, Defendant–Appellant.

No. 66557.

Missouri Court of Appeals, Eastern District, Division Four.

Jan. 31, 1995.

Clyde E. Craig, Mark A. Potashnick, Craig & Nangle, P.C., St. Louis, for defendant-appellant.

Jay B. Umansky, Andrea B. Lamere, Kramer & Frank, P.C., St. Louis, for plaintiff-respondent.

KAROHL, Judge.

St. Louis Labor Health Institute (LHI), insurer, appeals after summary judgment for Cardinal Glennon Children's Hospital, assignee for insured, on its claim for medical bills it earned between February 7, 1991, and August 14, 1992, for services rendered to George Johnson, III, the three-year-old son of George Johnson, II, the insured. The only dispute before the trial court, and on appeal, is whether there is coverage for the insured in LHI's Medical & Hospital Service Plan. Accordingly, we review a question of law.

▮ LHI insured medical expenses for its member, George Johnson, II, during the relevant period. The insuring agreement covered the medical expenses sought by plaintiff "provided that such child [of the covered member] ... be unmarried, dependent for support and residing in the same household ... [of a covered employee]." LHI contends the patient was not a dependent and did not reside in his parents' household. A business manager of LHI provided an affidavit in opposition to the motion for summary judgment which stated the child "resided at the Ranken–Jordan Institution and was solely dependent on that institution during the entire period in question."

Plaintiff hospital filed several affidavits in support of its motion for summary judgment. The child's father affirmed "based upon first hand knowledge" that his three-year-old son was very sick since birth and required constant health care services which his parents could not provide at home. For that reason he "was placed at Ranken Jordan Childrens [sic] Home (a private hospital) which could provide ... adequate medical and related healthcare treatment [but] neither natural parent ... have ever relinquished custody of said child" and he has never been a ward of the State of Missouri.

The social service director of Ranken–Jordan affirmed in an affidavit that the institution never had legal custody of the child and that custody was retained by his parents.

An account manager of plaintiff hospital affirmed the charges which were the subject of the petition. He also swore representatives of plaintiff hospital received an authorization from defendant LHI that the child-patient "did have medical coverage" during the relevant period.

We review the summary judgment in accord with *ITT Commercial Finance Corp. v. Mid–America Marine Supply Corp.*, 854 S.W.2d 371 (Mo. banc 1993). Our focus is a review of the affidavits in support of the motion for summary judgment to determine whether there is a material issue of fact which precludes judgment being rendered as a matter of law. *Tauchert v. Boatman's National Bank of St. Louis*, 849 S.W.2d 573, 574 (Mo. banc 1993). The defendant is entitled to that examination in a light most favorable to its position. *Id.* In accord with these standards the issues here are: (1) whether the affidavit of defendant's business manager is sufficient to maintain a disputed issue of fact; and, if not, (2) whether plaintiff's supporting affidavits are sufficient to support summary judgment.

The terms of LHI's Medical and Hospital Service Plan relevant to this suit are not in dispute. There is no contest regarding the medical services provided by plaintiff and the charges made for those services. Nor is there a fact dispute that the child had been a patient at a private hospital for necessary medical care before plaintiff hospital rendered its services.

▮ Defendant offered the affidavit of its business manager to prove the child did not reside with his parents and was not their dependent. We find that affidavit insufficient as a matter of fact and law to maintain a disputed issue of material fact. As a matter of fact, the affiant business manager had no first hand knowledge that the patient was "solely dependent" on Ranken–Jordan Institution. Rule 74.04(e) requires personal knowledge of admissible facts. The parents' legal duty to support their son was unaffected by his patient status in a private hospital. As a matter of law the affiant was not a competent witness to say that the patient was legally a "resident" or that he was legally a "dependent" of Ranken–Jordan. His assertions were legal conclusions, not admissible facts.

On the other hand, the affidavits in support of the motion provide an evidentiary basis for a finding the child was a legal dependant of his insured father and his father's home was his residence. The only address used on the documents attached to the affidavits, pertaining to the child, was his parents' address. In the absence of proof of intent to abandon one home and acquire another, a child's residency, for purposes of insurance coverage, was with his parents. *Clarkson v. MFA Mutual Insurance Co.,* 413 S.W.2d 10, 14 (Mo.App.1967). The opposing affidavit is silent on intent to change residency. There is no evidentiary basis to infer an intent to change the child's residence. The temporary absence was for required medical care. Therefore, there are no opposing summary judgment facts that the child was not a dependent and not a resident of his parents' household.

We affirm.

AHRENS, P.J., and SIMON, J., concur.