Ellen KEISKER, et al., Appellants,

and

Trinity Universal Insurance Company, Respondent,

v.

Beatrice FARMER, et al., Respondents.

No. SC 84290.

Supreme Court of Missouri, En Banc.

Nov. 26, 2002.

Rehearing Denied Dec. 24, 2002.

---

Michael F. Merritt, Wyne and Merritt, P.C., Creve Coeur, for Appellant.

Andrew D. Ryan, St. Louis, for Respondents.

DUANE BENTON, Judge.

The circuit court ruled that Trinity Universal Insurance Company—by an "assignment" in its policy—was entitled to an interpled fund, to the exclusion of the policyholder Super Sandwich Shop, Inc. After opinion by the Court of Appeals, this Court granted transfer. *Mo. Const. art. V, sec. 10.* Reversed and remanded.

## I.

Trinity insured the Shop, subject to limits of $125,000 on the building, $50,000 on personal property, and $15,000 for business-income loss. The "Commercial Property Conditions" of the policy stated (emphasis added):

### TRANSFER OF RIGHTS OF RECOVERY AGAINST OTHERS TO US

If any person or organization to or for whom we make payment under this Coverage Part has rights to recover damages from another, those rights are transferred to us *to the extent of our payment.* That person or organization must do everything necessary to secure our rights and must do nothing after loss to impair them. *But you may waive your rights against another party in writing:*

1. Prior to a loss to your Covered Property or Covered Income.

2. After a loss to your Covered Property or Covered Income only if, at time of loss, that party is one of the following:

   a. Someone insured by this insurance;

   b. A business firm:

      (1) Owned or controlled by you; or

      (2) That owns or controls you; or

   c. Your tenant.

This will not restrict your insurance.

On December 11, 1997, two vehicles—one driven by a deputy sheriff—crashed into the Shop. On April 9, 1998, after subtracting a $500 deductible, Trinity paid the Shop $141,609.49 by three separate checks: $94,665.96 for damage to the building; $32,443.53 for damage to personal property; and $15,000 for business-income loss (not subject to a deductible).

On January 10, 1998, the Shop had sued the City and both drivers for loss of income and profits. The Shop received $6,000 from settling with the second driver for policy limits. The City counterclaimed for interpleader, paying the $100,000 statutory limit into court. See *sec. 537.610.2 RSMo 1994.* Trinity intervened, claiming the total amount "up to and including . . . the amount that Trinity paid to . . . Shop . . . for structural damage, contents damage, and business interruption damage"

because the Shop "assigned all causes of action" to Trinity. Finding an assignment, the circuit judge awarded Trinity all $100,000. The Shop appeals.

## II.

■ The threshold issue is whether the policy gave Trinity an assignment, or a right of subrogation. Interpretation of an insurance policy is a question of law, which this Court reviews de novo. See *McCormack Baron Management Services, Inc. v. American Guarantee & Liability Ins. Co.*, 989 S.W.2d 168, 171 (Mo. banc 1999).

■ Assignment of a claim differs from subrogation to a claim. *Holt v. Myers*, 494 S.W.2d 430, 437 (Mo.App.1973). In assignment, the assignor gives all rights to the assignee. *Id.* By an assignment, the insurer receives legal title to the claim, and the exclusive right to pursue the tortfeasor. See *State Farm Mut. Auto. Ins. Co. v. Jessee*, 523 S.W.2d 832, 834 (Mo. App.1975); *Kroeker v. State Farm Mut. Auto. Ins. Co.*, 466 S.W.2d 105, 109–10 (Mo.App.1971).

■ In subrogation, the insured retains legal title to the claim. *Hagar v. Wright Tire & Appliance, Inc.*, 33 S.W.3d 605, 610 (Mo.App.2000). By paying the insured, the insurer has a right to subrogation. *Id.* The exclusive right to pursue the tortfeasor remains with the insured, which holds the proceeds for the insurer. *Farmers Insurance Co., Inc. v. Effertz*, 795 S.W.2d 424, 426 (Mo.App.1990).

■ Trinity contends that the Shop assigned its claim against the City. According to Trinity, the policy's words "transfer" and "transferred" unambiguously create an assignment. This is inaccurate because while an assignment "transfers" rights, a right of subrogation can also be "transferred." See *Hagar*, 33 S.W.3d at 610–11. "No particular form of words is

necessary to accomplish an assignment, so long as there appears from the circumstances an intention on the one side to assign ... and on the other side to receive." *Effertz*, 795 S.W.2d at 425. In this case, there is no intent to assign.

The phrase "to the extent of our payment" limits Trinity's rights. True, this limit can appear in an assignment. See *Steele v. Goosen*, 329 S.W.2d 703, 711–12 (Mo.1959); *Hoorman v. White*, 349 S.W.2d 379, 380 (Mo.App.1961). The key is the context in which the limit appears.

■ Here, the policy permits the Shop to waive its rights *prior to a loss* against anyone and *after a loss* against co-insureds, related parties, and tenants. Again, this language limits Trinity's rights, contrary to an assignment. See *Holt*, 494 S.W.2d at 437. Trinity asserts that the Shop cannot waive its rights after Trinity pays the loss. The policy does provide: "[The Shop] must do everything necessary to secure [Trinity's] rights and must do nothing after loss to impair them." However, the next words of the policy say: "But [the Shop] may waive [its] rights against another party in writing: ... After a loss...." On the one hand, the Shop cannot impair Trinity's rights. On the other, the Shop may waive its rights, which impairs Trinity's rights. These sentences create an ambiguity—a duplicity, indistinctness, or uncertainty in the meaning of the language in the policy. See *Martin v. U.S. Fidelity and Guar. Co.*, 996 S.W.2d 506, 508 (Mo. banc 1999). When policy language is ambiguous, it must be construed against the insurer. *Krombach v. Mayflower Insurance Co., Ltd.*, 827 S.W.2d 208, 210–11 (Mo. banc 1992).

By the policy, the Shop does not give all rights to Trinity. Further, the alleged assignment is ambiguous and must be construed against Trinity. There is no clear

intent to create an assignment. Rather, the policy leaves Trinity with a right of subrogation. See *Hagar*, 33 S.W.3d at 610–11.

### III.

Subrogation exists to prevent unjust enrichment. *Tucker v. Holder*, 359 Mo. 1039, 225 S.W.2d 123, 126 (1949). Trinity claims all $100,000 of the interpled funds in order to avoid unjust enrichment of the Shop.

The Shop's petition seeks to recover only lost income and profits, not damage to the building or personal property. The Shop concedes that it would be unjustly enriched if it recovered its first $15,000 in lost profits from both Trinity and the City. In addition to the $15,000 from Trinity, the Shop received $6,000 from the second driver—for a total of $21,000. Assuming the Shop can prove lost profits of at least $106,000, the Shop is not unjustly enriched in receiving the remaining $85,000 of the interpled funds. See *Coonis v. Rogers*, 429 S.W.2d 709, 713–14 (Mo.1968); *Meridian Enterprises Corp. v. KCBS, Inc.*, 910 S.W.2d 329, 331–32 (Mo.App.1995).

Trinity objects that the Shop— by suing only for lost income and profits— violates the rule against splitting a cause of action, citing *General Exch. Ins. Corp. v. Young*, 357 Mo. 1099, 212 S.W.2d 396 (1948), and *State ex rel. Home Serv. Oil Co. v. Hess*, 485 S.W.2d 616 (Mo.App.1972). This rule exists to prevent harassing a defendant with multiple lawsuits. *Young*, 212 S.W.2d at 400; *Hess*, 485 S.W.2d at 619. Trinity assumes that after the Shop sues for lost profits, Trinity can later sue for damage to the building and personal property. To the contrary, Trinity cannot sue the City in its own name. See *Oates v. Safeco Ins. Co. of America*, 583 S.W.2d 713, 717 (Mo. banc 1979); *Hagar*, 33 S.W.3d at 610–11.

Finally, Trinity's subrogation recovery must be reduced by its share of litigation expenses. Where one litigates to create a fund for others, those sharing must contribute a proportional part of the expenses. *Jourdan v. Gilmore*, 638 S.W.2d 763, 768–69 (Mo.App.1982); *Leggett v. Missouri State Life Insurance Co.*, 342 S.W.2d 833, 936 (Mo. banc 1960). Trinity—by a deduction from its recovery—must pay its share of litigation expenses in the proportion that its recovery bears to the total cash recovery by both Trinity and the Shop.

### IV.

The judgment is reversed and the case remanded.

LIMBAUGH, C.J., WHITE, WOLFF, LAURA DENVIR STITH and PRICE, JJ., and ULRICH, Sp. J., concur.

TEITELMAN, J., not participating.