James SCOTT, et al.,
Plaintiffs/Appellants,

v.

RANCH ROY–L, INC., et al.,
Defendants/Respondents.

No. ED 85787.

Missouri Court of Appeals,
Eastern District,
Division One.

Dec. 6, 2005.

Donald U. Beimdiek, Louis, MO, for appellants.

JoAnn T. Sandifer, St. Louis, MO, Vincent L. Johnson, St. Peters, MO, for respondents.

CLIFFORD H. AHRENS, Judge.

James Scott ("Scott"), John Kuhlmann ("Kuhlmann"), and the Golden Eagle Reserve Association ("the Association"), collectively referred to as "plaintiffs", appeal from the trial court's grant of summary judgment in favor of Ranch Roy–L and the Schaeffers, collectively referred to as "defendants". The plaintiffs contend that the trial court erred in granting summary judgment in favor of Ranch Roy–L because it relied on affidavits that were not competent, admissible evidence. Plaintiffs also argue that the trial court erred in its grant of summary judgment in favor of Ranch Roy–L because it was contrary to the undisputed facts and applicable law, which established that Ranch Roy–L was not the successor developer to Roy Long-

street, and additionally did not have the right to subdivide a particular out-lot. We affirm in part and reverse and remand in part.

The Association was incorporated on April 6, 1966 by Roy Longstreet, William Longstreet, James Longstreet, and Edward Young, Jr., thus predating the Golden Eagle Reserve subdivision ("Subdivision"), which was created by Roy Longstreet on July 18, 1966. At the first meeting of the Association, it adopted By–Laws, which were neither dated nor recorded, which defined "Developer" in Section 4 as "Roy W. Longstreet and his heirs, representative or assigns, including any corporation to which he may sell or assign the land which is being developed as Golden Eagle Reserve."

On July 18, 1966, Roy Longstreet recorded a plat of the Subdivision, which encompassed approximately 307 acres, and an instrument entitled "Declaration of Covenants and Restrictions of Golden Eagle Reserve" ("Declaration") with the recorder of deeds of Montgomery County, Missouri. The Declaration referred to Roy Longstreet as the "Developer." Article II, section 2 of the Declaration states as follows:

> The Developer, its heir and assigns, shall in the future have the right to bring within the scheme of this declaration additional property, or properties, provided that such additions are in accord with a general plan of development prepared prior to the sale of any lot in any such new development and made known to every purchaser prior to the sale.

Article VIII(1) is a restriction on all lots on the property described in Article II, which states, among other things, that "[n]o lot may be subdivided, but more than one lot may be purchased and combined to make one lot." Article VII addresses out-lots.

Section 3 of Article VII states that notwithstanding any other restrictions in the Declaration, "Developer, for himself and his heirs and assigns, reserves the right to resubdivide out-lots G and H[.]" No mention is made about subdividing out-lot F.

On October 13, 1972, Roy Longstreet and his sons, James and William, all of whom had been among the incorporators of the Association, incorporated Ranch Roy–L. On November 16, 1972, Roy Longstreet and his wife deeded real property to Ranch Roy–L, which included all property in the Subdivision, with the noted exceptions of a number of individual lots, and some adjacent property that was not originally a part of the Subdivision. This warranty deed included the standard habendum clause stating that Roy Longstreet and his wife were conveying the real property to Ranch Roy–L to have and to hold "with all and singular the rights, privileges appurtenances and immunities thereto or in anywise appertaining unto the said party of the second part [Ranch Roy–L], and unto its heirs and assigns forever[.]" James Longstreet and William Longstreet also deeded real property to Ranch Roy–L, totaling 200 and 517 acres respectively, located in sections adjoining the real property that was originally part of the Subdivision.

In 1987 and 1988 Ranch Roy–L conveyed real property by quit-claim deeds to the Association, which the latter accepted. On May 3, 1988, Ranch Roy–L subdivided out-lot F, which was not common property of the Subdivision, into ten lots, numbered 113 through 122 by recording a plat of this re-subdivided property with the recorder of deeds. Plaintiffs were property owners in the Subdivision at the time of this re-subdivision. On December 31, 2001, Ranch Roy–L purported to add a section of real property to the Subdivision, which it designated as Golden Eagle Reserve,

Section Three, recording a plat thereof with the recorder of deeds that day. That same day, Ranch Roy–L conveyed that same real property to Gary and Jill Schaeffer ("the Schaeffers"), as well as attempting to convey additional property and an easement within the original boundaries of Golden Eagle Reserve, Section One, which areas had been designated as common ground of Section One in the original plat.

In the fall of 2002, plaintiffs filed a petition, subsequently amended, bringing suit against Ranch Roy–L and the Schaeffers. They sought a declaratory judgment from the trial court that Ranch Roy–L's subdivision of out-lot F into lots 113 through 122 "was unlawful, null and void *ab initio* and the purported plat [thereof] . . . is void and of no force or effect." Plaintiffs further sought a declaration that the addition of Golden Eagle Reserve, Section Three to the Subdivision by Ranch Roy–L "is unlawful, null and void and the purported plat [thereof] . . . is void[.]" They additionally sought a declaration that the general warranty deed from Ranch Roy–L to the Schaeffers "is unlawful, null and void to the extent that it purports to include the described property in the Golden Eagle Reserve scheme and to the extent that it purports to convey title to a portion of out-lot J to the Schaeffers, and to the extent that it purports to create a road easement on a portion of out-lot D in favor of the Schaeffers." Plaintiffs also sought an order and judgment preventing Ranch Roy–L and the Schaeffers from asserting or exercising rights reserved to the Association and owners of real property in the Subdivision, except to the extent that they are or may become owners of such real property. In their amended petition, plaintiffs and the Association asserted that subdivision of out-lot F was prohibited, and that Roy Longstreet, the developer, never conveyed or assigned to Ranch Roy–L the right to add real property to the Subdivision.

Ranch Roy–L and the Schaeffers filed answers raising a variety of affirmative defenses. Ranch Roy–L also filed a four-count counterclaim seeking declaratory judgment of various issues. Count I sought several declarations, essentially that Ranch Roy–L is the successor Developer to Roy Longstreet with all rights thereto, and that it is not prohibited from dividing property that it owns within the Subdivision, and that its subdivision of out-lot F was lawful. In Count II, Ranch Roy–L sought the enforcement of restrictions promulgated in the Declaration and in regulations adopted by the Association against Scott regarding a modification of a platted property line and the erection of a fence by Scott. Counts III and IV were ultimately dismissed.

Plaintiffs filed a motion for summary judgment on the counts in their First Amended Petition and on Count I of the Counterclaim. Defendants filed responses to this motion, which they amended by leave of court. The amended responses included affidavits of James Longstreet and of Gary Schaeffer. Plaintiffs moved to strike portions of both affidavits. Ranch Roy–L filed its own motion for summary judgment on Count I of the Counterclaim supported by another affidavit from James Longstreet, which plaintiffs moved to strike. The trial court denied the plaintiffs' motions to strike.

On December 21, 2005, the trial court granted partial summary judgment in favor of plaintiffs on their First Amended Petition. The trial court entered judgment in favor of plaintiffs ordering that the general warranty deed from Ranch Roy–L to the Schaeffers is "null and void to the extent that it purports to convey to Defendants Schaeffer (a) a 75–foot road-

way and utility easement across Out–Lot D of Golden Eagle Reserve, and (b) any part of Out–Lot J of Golden Eagle Reserve because these are common areas that can only be conveyed with the consent of all lot owners."[1] It denied plaintiffs' motion for summary judgment in all other respects, having found that "numerous material issues of fact remain in dispute regarding Plaintiff's request for Summary Judgment." The trial court granted summary judgment in favor of Ranch Roy–L on Count I of its Counterclaim, having found that there were no uncontroverted issues of material fact as to Count I. The trial court declared that the undisputed facts show "that Ranch Roy–L is the successor Developer of Golden Eagle Reserve Association as defined in the By–Laws of Golden Eagle Reserve Association." It further declared that Ranch Roy–L lawfully subdivided out-lot F "in accordance with the authority vested in Ranch Roy–L, Inc. by the Declarations and according to the specifications within the Declarations." The trial court also declared that Golden Eagle Reserve Section Three was lawfully annexed and added to the Subdivision. It declared that the deed from Ranch Roy–L to the Schaeffers was valid, except as previously set forth in the trial court's order and judgment, and that the Schaeffers were entitled to all rights as owners of real property in the Subdivision. Ranch Roy–L subsequently dismissed Count II of its Counterclaim, which was the only remaining claim raised by the parties, without prejudice, leaving no issues before the trial court. Plaintiffs now appeal.

Our review of a summary judgment is essentially *de novo*. *ITT Commercial Finance v. Mid–America Marine*, 854 S.W.2d 371, 376 (Mo. banc 1993). We "review the record in the light most favorable to the party against whom judgment

was entered[,]" and accord that party the benefit of all reasonable inferences which may be drawn from the record. *Id.* "Facts that are set forth by affidavit or otherwise in support of a party's motion for summary judgment are taken as true unless contradicted by the non-moving party's response to the motion." *Id.*

For purposes of our analysis, we will consider plaintiffs' first and second points relied on together, discussing the second point and then the first point. In their second point on appeal, plaintiffs assert that the trial court erred in granting summary judgment in favor of Ranch Roy–L and in denying their motion for summary judgment on the issue of Ranch Roy–L's status as a successor developer to Roy Longstreet that could add real property to Golden Eagle Reserve. Plaintiffs aver that the undisputed facts and applicable law show that Ranch Roy–L is not the successor developer to Roy Longstreet under the subdivision indentures and could not add ground to Golden Eagle Reserve without the consent of the property owners in that there is no evidence: that Roy Longstreet assigned his rights as developer in writing as required by the statute of frauds or that he recorded such an assignment. Plaintiffs also argue that Ranch Roy–L is not Roy Longstreet's heir as a matter of law, and that Ranch Roy–L did not contend that it is Roy Longstreet's heir. Plaintiffs further contend that nothing in the Association's bylaws, which were not recorded, "could create or vary any property rights in Golden Eagle Reserve, including Roy Longstreet's retained right under the subdivision indenture to add new ground."

■ In this case, there was no specific written assignment of Roy Longstreet's rights as the developer. The only evi-

---

1. Defendants did not appeal the judgment as to these issues.

dence in writing that serves as a basis for Ranch Roy–L's contention that Roy Longstreet assigned his rights as the developer of Golden Eagle Reserve to Ranch Roy–L is the general warranty deed that Roy Longstreet and wife executed in November 16, 1972 to Ranch Roy–L. The language of the habendum clause in that deed, as in all general warranty deeds, is broad, conveying to the grantee, Ranch Roy–L, "TO HAVE AND TO HOLD, The premises aforesaid, with all and singular the rights, privileges, appurtenances and immunities thereto belonging or in anywise appertaining...." Superficially this would seemingly convey Roy Longstreet's rights as the developer of the Subdivision, and Ranch Roy–L so argues, noting that "all" is extremely inclusive. No Missouri cases appear to address this issue, but the general rule in other jurisdictions is that the developer's rights are personal rights and do not run with the land. *See Board of Managers of the Medinah on the Lake Homeowners Association v. Bank of Ravenswood*, 295 Ill.App.3d 131, 229 Ill.Dec. 629, 692 N.E.2d 402, 404–05 (1998); *Toepper v. Brookwood Country Club Road Association*, 204 Ill.App.3d 479, 149 Ill.Dec. 585, 561 N.E.2d 1281, 1285 (1990); *Fairways of Country Lakes Townhouse Association v. Shenandoah Development Corp.*, 113 Ill.App.3d 932, 69 Ill.Dec. 680, 447 N.E.2d 1367 (1983); *Peoples Federal Savings and Loan Association of South Carolina v. Resources Planning Corporation*, 358 S.C. 460, 596 S.E.2d 51, 60–61 (2004); *Larkin v. City of Burlington*, 172 Vt. 566, 772 A.2d 553 (2001). We find these authorities persuasive, and hold that the developer's rights of a platted subdivision are

personal rights that do not run with the land. Since the warranty deed did not contain a specific assignment of those rights as the developer of the Subdivision, such rights were not conveyed by the general language of the habendum clause of the deed.

Plaintiffs contend that the assignment of Roy Longstreet's rights as the developer, which are set forth in the Declaration, is invalid because it was not a written assignment and in violation of the Statute of Frauds, section 432.060 RSMo (1969) [2], and was not recorded as required by section 442.380.[3] Defendants argue that the Statute of Frauds does not apply to developer's rights, that the warranty deed satisfied any requirement that the assignment be in writing, and that the plaintiffs cannot challenge the assignment on the basis that it violated the Statute of Frauds because they were not parties to the assignment. As noted above, we believe that the developer's rights were not transferred by the warranty deed absent a specific assignment because such rights are personal and do not run with the land. We need not decide whether section 432.060 applies to developer's rights because we agree that plaintiffs cannot raise non-compliance with the Statute of Frauds to challenge the assignment.

 Assuming *arguendo* that there was an oral assignment by Roy Longstreet to Ranch Roy–L of his developer's rights, such assignment is not void, but rather voidable by the party to be charged. *See Norden v. Friedman*, 756 S.W.2d 158, 162 (Mo. banc 1988) (assuming assignment of a lease of an oil interest violated statute of

---

**2.** Unless noted otherwise, all further statutory citations are to RSMo (1969).

**3.** The Declaration was recorded in Montgomery County. It sets forth the rights of the developer and provides constructive notice as

to what those rights are and that those rights may be transferred to a successor developer or devolve to Roy Longstreet's heirs. This satisfies the requirements of section 442.380 et seq.

frauds, assignment was merely voidable, not void); *Community Land Corporation v. Stuenkel,* 436 S.W.2d 11, 18 (Mo.1968) (involved a contract for the sale of an interest in land that was verbally assigned). Such an agreement is unenforceable, but not void. *See Huttig v. Brennan,* 328 Mo. 471, 41 S.W.2d 1054, 1062 (1931); *see also* Restatement (Second) of Contracts section 324 cmt. b (1981). The Statute of Frauds relates to the remedy only, and not to the validity of a contract. *Id.*

■ Plaintiffs cannot challenge the validity of that assignment on the basis that it violated the Statute of Frauds because they were not parties to the assignment. "Only a party to a contract or a transferee or successor of a party to the contract can assert that the contract is unenforceable under the Statute of Frauds." Restatement (Second) of Contracts section 144 (1981); *see also* Restatement (Second) of Contracts section 324 cmt. b (1981). Missouri courts have taken a similar position to that of the Restatement. "[I]t is well established that if both parties to a contract waive the requirements of the statute and carry the contract into execution, a third party cannot be heard to question its effect." *Doerflinger Realty Company v. Fields,* 281 S.W.2d 609, 612 (Mo.App.1955). *See also Stuenkel,* 436 S.W.2d 11; *Bauer v. White,* 225 Mo.App. 270, 29 S.W.2d 176, 179 (1930); *B. Roth Tool Company v. Champ Spring Company,* 93 Mo.App. 530, 67 S.W. 967, 968 (1902).

Ranch Roy–L argues that it is sufficient to show the intent of Roy Longstreet to assign his rights as the developer to Ranch Roy–L, citing to the Illinois case of *Bank of Ravenswood,* 229 Ill.Dec. 629, 692 N.E.2d at 404–05. The Restatement (Second) of Contract section 324 (1981) states that

It is essential to an assignment of a right that the obligee manifest an intention to transfer the right to another person without further action or manifestation of intention by the obligee. The manifestation may be made to the other or to a third person on his behalf and, except as provided by statute or by contract, may be made either orally or by a writing.

■ The intent to assign an interest is key, and no set form of words is necessary to accomplish an assignment, provided that the circumstances show an intent on one side to assign and on the other side to receive. *Keisker v. Farmer,* 90 S.W.3d 71, 74 (Mo. banc 2002) (quoting *Farmers Insurance Co. v. Effertz,* 795 S.W.2d 424, 425 (Mo.App.1990)). *See also* 6 Am.Jur.2d *Assignments* section 135 (1999).

To sustain a grant of summary judgment in this case on the basis that Ranch Roy–L is the successor developer to Roy Longstreet because he intended to assign his rights as the developer of the Subdivision to Ranch Roy–L, the undisputed summary judgment facts must show this intent to assign. The plaintiffs can and do challenge that the undisputed facts establish that Ranch Roy–L is entitled to a grant of summary judgment in its favor. In their first point relied on, plaintiffs contend that the trial court erred in entering summary judgment in Ranch Roy–L's favor and in denying plaintiffs' motion for summary judgment on the issue of Ranch Roy–L's status as a successor developer, and also erred in denying their motions to strike the affidavits of James Longstreet and Gary Schaeffer, in that the trial court erroneously relied on those affidavits, which were not competent admissible evidence because they were not made on personal knowledge and contained inadmissible hearsay and conclusory statements.

■ Rule 74.04(e) requires that supporting and opposing affidavits be based

on personal knowledge, set forth facts that would be admissible in evidence, and affirmatively show that the affiant is competent to testify to the matters stated therein. *Jones v. Landmark Leasing, Ltd.,* 957 S.W.2d 369, 376 (Mo.App.1997). Hearsay statements that would not be admissible at trial are not competent to support a motion for summary judgment. *Id.* Legal conclusions are not admissible facts. *Cardinal Glennon Children's Hospital v. St. Louis Labor Health Institute,* 891 S.W.2d 560, 561 (Mo.App.1995). An affidavit's proper function is to state facts, not conclusions. *Reid v. Johnson,* 851 S.W.2d 120, 122 (Mo.App.1993). An affidavit that is conclusory does not maintain a fact dispute for a jury. *Id.*

■ The affidavits of James Longstreet and Gary Schaeffer do not specifically state that they were made on the personal knowledge of the respective affiants. While it is perhaps the wisest course to have such an explicit statement in the affidavit, the absence of such a statement is not fatal to the admissibility of the affidavit. *Jones v. Pinkerton's, Inc.,* 700 S.W.2d 456, 461 (Mo.App.1985). The absence of a specific, "magic phrase" is immaterial, for Rule 74.04(e) requires only that affidavits be made on personal knowledge, not that specific language be used. *Morley v. Ward,* 726 S.W.2d 799, 802 (Mo. App.1987) (quoting *Jones,* 700 S.W.2d at 460–61). It is sufficient if the record shows that the affiant had personal knowledge of the facts in the affidavit. *See Wilson v. St. Louis Area Council, Boy Scouts of America,* 845 S.W.2d 568, 573–74 (Mo.App.1992).

■ The affidavits of both James Longstreet and Gary Schaeffer do contain

statements that are hearsay and/or conclusory. For example, both affiants stated that they were informed of certain facts by others. James Longstreet stated that he had been informed by Roy Longstreet that the latter had created Ranch Roy–L "pursuant to the guidelines of the By–Laws to serve as a successor developer for Golden Eagle Reserve."[4] Schaeffer stated in his affidavit that James Longstreet made representations to him in conversations that Ranch Roy–L was a developer of Golden Eagle Reserve with the power to convey property and add property to Golden Eagle Reserve. Both affiants, particularly Schaeffer, make conclusory statements regarding the legal effects of documents. James Longstreet's affidavit includes a conclusory statement that Ranch Roy–L is the successor developer of Golden Eagle Reserve. Schaeffer's affidavit contains the conclusory statement that he and his wife have certain rights as members of the Association. All of these statements are inadmissible and cannot be used to support summary judgment. However, those affidavits also contain statements of fact that the record shows are based on personal knowledge. The lack of a direct statement that the affidavits were made based on personal knowledge does not render them fatally defective. Those portions of the affidavits that are based on personal knowledge are admissible, and the trial court did not err in denying the motion to strike the affidavits in their entirety.

■ To the extent that the affidavits contained inadmissible hearsay and/or conclusory statements, the trial court erred in not granting plaintiffs' motion in the alternative to strike such inadmissible material from the affidavits. However, a motion for summary judgment will not fail

4. Ranch Roy–L contends that this statement falls within the "state of mind" exception to the hearsay rule. The information in the affidavit is not sufficient to show that that statement does indeed fall within that exception.

merely because some of the statements contained in the affidavit may be inadmissible. *See Landmark Leasing*, 957 S.W.2d at 376. "A court may look to the remaining portions of the affidavits and pleadings in a case to see if there is a basis to support the summary judgment." *Id.* However, the remaining portions of the affidavits and pleadings do not establish as an undisputed fact that Roy Longstreet assigned his developer's rights to Ranch Roy–L. The undisputed facts do show that Ranch Roy–L intended to receive the assignment of developer's rights. James Longstreet, as one of the incorporators of Ranch Roy–L, had personal knowledge of the purposes for which the corporation was formed. But merely because a corporation was formed for a set of purposes does not mean that all of those purposes are ever achieved. There are no summary judgment facts showing that Roy Longstreet assigned the developer's rights. Ranch Roy–L argues that by deeding the Subdivision property to it in the warranty deed, Roy Longstreet obviously intended that Ranch Roy–L develop that property. Ranch Roy–L also contends that it did acts that only the developer could do, such as developing and subdividing out-lots, and adding property to the Subdivision, which is evidence that Roy Longstreet intended to assign his rights as the developer. Although the summary judgment facts might permit an inference that Roy Longstreet intended to assign his developer's rights, this is not an undisputed fact. A reasonable inference drawn from admissible evidence by the finder of fact might be sufficient to sustain a judgment after a trial on the merits, but this is not a proper foundation for summary judgment, as under our standard of review we construe all inferences favorably to the non-movant. *See ITT Commercial Finance Corp.* 854 S.W.2d at 382–83; *Ryan v. Rademacher*, 142 S.W.3d 846, 849 (Mo.App.2004). The trial court erred in not striking the inadmissible material from the affidavits and in determining that the undisputed facts show that Ranch Roy–L is the successor developer to Roy Longstreet and in granting summary judgment in favor of Ranch Roy–L on this issue. Point sustained.

In their third point relied on plaintiffs contend that the trial court erred in granting summary judgment in favor of Ranch Roy–L and in denying their motion and in finding that Ranch Roy–L lawfully subdivided Out–Lot F in accordance with the authority vested in it by the Declaration. Plaintiffs assert that the undisputed facts proved that Ranch Roy–L did not have the right to subdivide Out–Lot F in that: (1) it did not exist when the Declaration was created and recorded, and did not thereafter acquire the developer's rights vested in Roy Longstreet by the Declaration; (2) the Declaration plainly prohibited the subdivision of Out–Lot F.

Having already held that the undisputed facts did not establish that Ranch Roy–L is the successor developer to Roy Longstreet with those developer's rights that Roy Longstreet possessed, we must sustain plaintiffs' third point relied on to the extent that it challenges Ranch Roy–L's status as the successor developer. Having held that the undisputed facts did not establish that Roy Longstreet assigned his developer's rights to Ranch Roy–L, summary judgment in favor of Ranch Roy–L regarding the exercise of whatever rights the developer may possess is improper. We do not reach the issue of whether the Declaration permits a subdivision of Out–Lot F, or whether the plaintiffs' suit is barred by the affirmative defenses raised by Ranch Roy–L of the statute of limitations or laches. Point sustained.

The portion of the judgment in favor of Ranch Roy–L on Count I of its counterclaim is reversed and remanded for fur-

ther proceedings. The portion of the judgment in favor of plaintiffs, which declared null and void the conveyance of roadway and utility easements and common areas is affirmed, and the judgment is affirmed in all other respects.

MARY K. HOFF, P.J., and PATRICIA L. COHEN, J., concur.